# UNITED STATES AIR FORCE
# COURT OF CRIMINAL APPEALS

————————————

**Misc. Dkt. No. 2023-04**

————————————

**In re VM**
*Petitioner*


**Christopher P. MARTINEZ**
Technical Sergeant (E-6), U.S. Air Force
*Real Party in Interest*

————————————

Petition for Extraordinary Relief in the Nature of a Writ of Mandamus

Decided 11 July 2023

————————————

*Military Judge*: Matthew P. Stoffel.

*GCM convened at*: Joint Base Elmendorf Richardson, Alaska.

*For Petitioner*: Captain Bryant A. Mishima-Baker, USAF; Devon A. R. Wells, Esquire.

*For Respondent*: Captain Olivia B. Hoff, USAF; Mary Ellen Payne, Esquire.

Before RICHARDSON, CADOTTE, and ANNEXSTAD, *Appellate Military Judges*.

Senior Judge RICHARDSON delivered the opinion of the court, in which Judge CADOTTE and Judge ANNEXSTAD joined.

————————————

**This is an unpublished opinion and, as such, does not serve as precedent under AFCCA Rule of Practice and Procedure 30.4.**

————————————

RICHARDSON, Senior Judge:

On 30 May 2023, Petitioner requested this court issue a writ of mandamus vacating the trial judge's decision to grant a defense-requested continuance of the scheduled court date. Petitioner further asked us to mandate that

the trial judge consider her inputs in making his ruling on the defense request.

When this court docketed the petition on 31 May 2023, we required the Government provide this court with the Prosecution's response to the defense motion to continue; on 8 June 2023, the Government complied. We also granted the Government and the Real Party in Interest leave to file answers to the petition, and granted Petitioner leave to file a reply to those answers. We received an answer from the Government, and Petitioner's reply to that answer on 21 and 28 June 2023, respectively; we did not receive an answer from the Real Party in Interest. Having considered the petition, the answer, and the reply, we find Petitioner is not entitled to the requested relief.

## I. BACKGROUND

On 15 July 2022, two charges against the Real Party in Interest ("the accused") were referred to a general court-martial. Specifically, the accused is charged with one specification of abusive sexual contact against VM in violation of Article 120, Uniform Code of Military Justice (UCMJ), 10 U.S.C. § 920, and six specifications of battery against VM—the accused's wife—and two specifications of battery against a child, in violation of Article 128, UCMJ, 10 U.S.C. § 928.[1] The specifications allege misconduct from January 2015 through March 2021. By agreement of the parties, the initial trial date was set for 12 June 2023.

Appellant retained new counsel, Mr. CH, who filed a notice of appearance with the trial court on 17 April 2023. On 19 April 2023, the Defense filed a motion to continue the trial to a date no earlier than 1 August 2023. On the same date, Mr. CH clarified that his appearance was limited to his request for a continuance, as he would not be able to represent the accused if the request was denied.

The Prosecution opposed the defense motion in writing on 24 April 2023. The Prosecution asserted as fact that

> On 24 April 2023, counsel for named victim [VM] provided a memo from [VM] in which she states she suffered pecuniary loss from the long waiting period before trial and expect[s] to suffer further loss if there is any further delay. The loss is due

---

[1] Unless otherwise noted, all references in this opinion to the UCMJ are to the *Manual for Courts-Martial, United States* (2019 ed.).

> to legal fees because the Accused's divorce from [VM] has been continued due to the court-martial. (Att. 6)

The referenced "Att. 6" consists of a statement signed by VM and a state-court listing of the progress of the accused's and VM's divorce proceeding.[2] In the statement, VM explains how a delay will affect her and her family mentally, emotionally, and financially.

The Prosecution argued that a delay would cause prejudice to the Government's "search for truth" and "directly affects the victims in this case. . . . The victims have vested Article 6b[, UCMJ,] rights in a trial without unreasonable delay." Further, the Prosecution devoted one paragraph to asserting VM's position on the defense motion:

> Victim's counsel for [VM] has notified the Government that [VM] will suffer undue hardship because of a continuance. Specifically, that [VM] will be required to retain the services of a lawyer for [a]ccused's divorce from her for a longer period because the court handling the divorce will not finalize the divorce until this court-martial is complete. The Government notes both victim's [sic] rights to proceedings "free from unreasonable delay." Art[icle] 6b(a)(5), UCMJ [sic]. The continuance of this trial will create an unreasonable delay because the [a]ccused currently has three attorneys representing him including the civilian defense counsel of his choosing.

Neither party requested a hearing under Article 39(a), UCMJ, 10 U.S.C. § 839(a). The military judge considered the parties' filings, but did not consider the separate responses from the detailed victims' counsel for VM and the child. Citing *In re HK*, 2021 CCA LEXIS 535 (A.F. Ct. Crim. App. 22 Oct. 2021) (order), the military judge explained in a footnote: "This court received the responses but did not consider them due to lack of standing before this trial court." VM's counsel's response totaled 49 pages, comprised of an 8-page document from counsel and 7 attachments, including VM's memorandum and attachment.[3] VM's counsel asserted the Defense had not established a rea-

---

[2] "Att 6" is the same document Petitioner submitted with this writ petition as "Attachment 8." The documents are identical except Petitioner's submission does not have redactions of personal information. Moreover, while the subject of VM's statement begins "Affidavit," the document is not sworn.

[3] The other attachments are: (1) excerpt from report of investigation, (2) charge sheet, (3) excerpt from preliminary hearing report, (4) emails regarding the initial

sonable basis for a continuance; a continuance is not just as it violates VM's Article 6b, UCMJ, rights; and the accused's interest in "convenience" does not outweigh VM's Article 6b, UCMJ, rights.

In an email on 3 May 2023, the military judge informed the parties he would be granting the defense motion. He issued a written ruling to that effect on 9 May 2023. In his ruling, the military judge found as fact:

> [VM], one of the alleged victims, is in the midst of divorce proceedings involving the accused. The next scheduled court date for the divorce proceedings is 22 June 2023. It is likely that a continuance of the accused's court-martial will result in delay of the civilian divorce proceedings.

The military judge ended his conclusions of law as follows:

> While a continuance may cause emotional difficulty and expenditure of additional legal fees for one of the named victims, she remains available for trial and is willing to participate. Taking these factors into account, and in consideration of the fundamental nature of the accused's right to be represented by civilian counsel at no expense to the [G]overnment, the court concludes granting a continuance is just under the circumstances.

The military judge set 25 July 2023 as the date for arraignment and to hear motions. He set a new trial date of 28 August 2023. The instant petition followed, in which Petitioner asks us to vacate the military judge's decision to continue the scheduled court date and to mandate the military judge consider VM's inputs in making a decision on the Defense's motion.

## II. LAW

"This court has jurisdiction over a petition under Article 6b, UCMJ, which establishes a victim's ability to petition this court for a writ of mandamus when the victim 'believes . . . a court-martial ruling violates the rights of the victim afforded' by that article." *In re KK*, ___ M.J. ___ , Misc. Dkt. No. 2022-13, 2023 CCA LEXIS 31, at *6 (A.F. Ct. Crim. App. 24 Jan. 2023) (omission in original) (quoting Article 6b(e)(1), UCMJ, 10 U.S.C. § 806b(e)(1)). "If granted, such a writ would require compliance with Article 6b, UCMJ." *Id*.

---

scheduling of the court-martial, (5) Defense's motion to continue, and (6) Mr. CH's notice of appearance.

The purpose of a writ of mandamus is to "confine an inferior court to a lawful exercise of its prescribed jurisdiction or to compel it to exercise its authority when it is its duty to do so." *Roche v. Evaporated Milk Association*, 319 U.S. 21, 26 (1943) (citations omitted). A writ of mandamus "is a 'drastic and extraordinary' remedy 'reserved for really extraordinary cases.'" *EV v. United States*, 75 M.J. 331, 332 (C.A.A.F. 2016) (quoting *Cheney v. United States Dist. Court for D.C.*, 542 U.S. 367, 380 (2004)).

In order to prevail on a petition for a writ of mandamus, a petitioner "must show that: (1) there is no other adequate means to attain relief; (2) the right to issuance of the writ is clear and indisputable; and (3) the issuance of the writ is appropriate under the circumstances." *Hasan v. Gross*, 71 M.J. 416, 418 (C.A.A.F. 2012) (per curiam) (citing *Cheney*, 542 U.S. at 380–81); *see also In re KK*, 2023 CCA LEXIS 31, at *9–10 (rejecting abuse of discretion as the standard to determine mandamus relief and endorsing the traditional mandamus standard in *Hasan*).

"A military judge's decision warranting reversal via a writ of mandamus 'must amount to more than even gross error; it must amount to a judicial usurpation of power . . . or be characteristic of an erroneous practice which is likely to recur.'" *In re KK*, 2023 CCA LEXIS 31, at *6 (omission in original) (quoting *United States v. Labella*, 15 M.J. 228, 229 (C.M.A. 1983) (per curiam)).

"Victims involved in court-martial proceedings do not have the authority to challenge every ruling by a military judge with which they disagree; but they may assert their rights enumerated in Article 6b, UCMJ, in the *Manual for Courts-Martial*, and under other applicable laws." *Id.* at *13. In the context of a motion for a continuance, a victim's rights under Article 6b, UCMJ, to proceedings free from unreasonable delay and to be treated with fairness do "not entitle her to a trial date of her choosing," but are "factor[s] for the military judge to consider in balancing competing interests and making scheduling decisions." *Id.* at *16–18.

### III. ANALYSIS

Petitioner makes two requests of this court: (1) vacate the military judge's order delaying the scheduled court date, and (2) require the military judge consider VM's inputs in making a decision on the Defense's motion. We find no writ should issue.

Article 6b, UCMJ, delineates eight victim rights, and only one of those rights—Article 6b(a)(4)—specifically provides for an opportunity to be heard. As such, Petitioner does not have a statutory right to be heard on the rights

she has asserted in this petition—to proceedings free from unreasonable delay and to be treated with fairness under Articles 6b(a)(7) and (8), UCMJ. Petitioner does not assert a non-statutory right to be heard.

Importantly, absence of a specific statutory right to be heard does not mean that a military judge is *prohibited* from considering a victim's effort to exercise Article 6b, UCMJ, rights. To the extent the military judge in this case believed otherwise based on the unpublished order *In re HK*, he was mistaken, but any such mistake in this case is not dispositive on the issues before us.

The military judge denied VM the opportunity to be heard through counsel, but otherwise allowed her exercise of rights to proceedings free from unreasonable delay and to be treated with fairness under Article 6b, UCMJ. VM was not entitled "to a trial date of her choosing," but her circumstances were "factor[s] for the military judge to consider in balancing competing interests and making scheduling decisions." *In re KK*, 2023 CCA LEXIS 31, at *16–18. The military judge considered VM's personal statement and its attachment, as well as the argument from the Prosecution on VM's behalf. He considered how a delay would affect VM and her family. He balanced VM's rights with the accused's rights, and ultimately ruled in favor of the accused.

## IV. CONCLUSION

For the foregoing reasons, Petitioner has not demonstrated that the right to issuance of the writ she seeks is clear and indisputable, and she has therefore failed to show the appropriateness of the relief she requests.

Accordingly, the Petition for Writ of Mandamus dated 30 May 2023 is **DENIED**.

FOR THE COURT

CAROL K. JOYCE
Clerk of the Court

6